UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 05-11603-WRS
                                                         Chapter 13
JOHN ROCCO FOWLER
CARMEN J. FOWLER,

    Debtors

JOHN ROCCO FOWLER JR. and
CARMEN J. FOWLER,

    Plaintiffs                                           Adv.Pro.No. 05-1110-WRS

v.

CHEETAH MOTORSPORTS, CAREY
EDEN, CSI ACCOUNTING SERVICES LLC,
and JAMEY VIBBERT,

    Defendants.


# MEMORANDUM DECISION

This Adversary Proceeding came before the Court for hearing on June 6, 2006, upon the motion for summary judgment filed by Defendants Cheetah Motorsports and Carey Eden. (Doc. 38). The Plaintiff was present by counsel Donna C. Crooks and Defendants Cheetah Motorsports and Carey Eden were present by counsel William C. Elliott. Defendants CSI Accounting Services, LLC and Jamey Vibbert did not appear. For the reasons set forth below, the motion is DENIED.

## I. FACTS

This Adversary Proceeding was brought by John and Carmen Fowler. The facts are not developed very well either in the pleadings or motion for summary judgment and the following facts are gleaned from the documents in the record and from statements of counsel at the June 6 hearing, which admittedly are not evidence, but we have to start somewhere.

It is alleged in the complaint that the Debtors purchased a 1999 BMW from Cheetah Motorsports under a contract on March 28, 2005. It is alleged in Cheetah's motion that the Fowlers do not have title to the automobile and therefore no rights in it. At this point, the Court has not been favored with a copy of the contract, if indeed there was one. On August 5, 2005, the Fowlers filed a petition in bankruptcy in this Court pursuant to Chapter 13 of the Bankruptcy Code. The Debtors report ownership of the BMW in Schedule B and value it at $13,500. The complaint alleges that the purchase of the BMW was financed pursuant to a trade of a Honda Accord and the execution of two promissory notes in favor of Defendant CSI Accounting Services. It has not been explained to the Court how Cheetah Motorsports and CSI Accounting are related, except the Pretrial Stipulation stated that Carey Eden arranged a meeting between the Fowlers and Vibbert for the purpose of financing the purchase of the BMW.

## II. CONCLUSIONS OF LAW

This Adversary Proceeding is before the Court upon a motion for summary judgment, which is governed by the provisions of Rule 7056, Fed. R. Bankr. P. Rule

7056 provides that Rule 56 of the Federal Rules of Civil Procedure apply in Adversary Proceedings. Rule 56(b) states that "a party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Rule 56(c) states, in part, that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, in any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law.

In 1986, the United States Supreme Court handed down a decision which discusses the burden of a moving party who would not bear the burden of proof at trial. "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Defendants Eden and Cheetah Motorsports have filed a three-page motion which contains only a brief and largely conclusory discussion of the facts. The motion is submitted without any evidentiary matter. Moreover, in the brief discussion of the facts, the moving parties do not cite the Court to anything in the record which might lend support to the moving parties' version of the facts. The moving party must make a showing that there are no facts in dispute and that they are entitled to judgment as a

matter of law. It is alleged in the motion that the Plaintiffs do not have any evidence in support of their claim, but there is no evidence to support this claim. Indeed, the record is replete with allegations to the contrary. To meet their burden, the statement of facts in the motion for summary judgment must be adequately supported by a factual record. The instant motion is deficient in that there is no attempt to tie the facts alleged in the motion to a factual record. The Court should not be put in the position of having to search the record on its own. As the moving parties have failed to meet the "initial responsibility" as set forth by the Supreme Court in Catrett, the motion is due to be denied.

Done this 8th day of June, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Donna C. Crooks, Attorney for Plaintiff
   William C. Elliot, Attorney for Cheetah
   Carey Eden, Defendant
   CSI Accounting Services LLC, Defendant
   Jamey Vibbert, Defendant